IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANET N.,[1]

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 6:17-cv-00203-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Janet N.'s ("Plaintiff") amended application pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees she incurred in litigating her case. The Commissioner of the Social Security Administration ("Commissioner") opposes Plaintiff's application on the ground that the amount of fees Plaintiff requests is not reasonable. For the reasons that follow, the Court grants in part

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Plaintiff's amended application and awards Plaintiff her attorney's fees in the amount of $15,956.02.[2]

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. She alleged that her ability to work was limited by a variety of ailments, including fibromyalgia. An Administrative Law Judge ("ALJ") determined that Plaintiff had the residential functional capacity ("RFC") to perform a modified version of light exertion work, and that there were jobs existing in sufficient numbers in the national economy that Plaintiff could perform. The ALJ therefore concluded that Plaintiff was not disabled and denied her applications for benefits. Plaintiff timely appealed to federal district court.

Plaintiff filed a 35-page opening brief and 11-page reply brief on appeal. In her opening brief, Plaintiff argued that the ALJ erred by: (1) failing to provide clear and convincing reasons for discounting Plaintiff's symptom testimony; and (2) failing to provide legally sufficient reasons for discounting the opinions of Plaintiff's examining physician, Dr. Harry Krulewitch ("Dr. Krulewitch"), and treating physicians, Drs. Patrick Rask ("Dr. Rask") and Robert Kaye ("Dr. Kaye").

After the reviewing the parties' briefs and the 1,379-page amended transcript, the Court issued a 37-page Opinion and Order, wherein the Court concluded that the ALJ erred in discounting Plaintiff's subjective symptom testimony and the opinions of Drs. Krulewitch and

---

[2] Plaintiff inadvertently omitted the signatory page to her fee agreement when she filed her original EAJA fee application. As a result, Plaintiff filed an amended application later that same day. In light of the foregoing, the Court denies as moot Plaintiff's original application ([ECF No. 34](ECF No. 34)).

Rask.[3] The Court reversed the Commissioner's decision and remanded for an award of benefits because Plaintiff satisfied all three conditions of the credit-as-true rule, and because the Court did not have any serious doubt as to whether Plaintiff was disabled.

The Court entered judgment on May 16, 2018, remanding to the ALJ for an award of benefits. The Commissioner did not appeal.

## DISCUSSION

### I.   LEGAL STANDARDS

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner does not assert that the agency's position was substantially justified. Rather, the Commissioner asserts only that the amount of fees Plaintiff requests is not reasonable. *See* 28 U.S.C. § 2412(d)(2)(A) (explaining that for purposes of the EAJA, "fees and other expenses," includes, among other things, "reasonable attorney fees").

The Ninth Circuit has held that courts should apply the "lodestar" method to determine a reasonable EAJA fee award. *See Costa*, 690 F.3d at 1135 ("[W]hat is now called the 'lodestar' method . . . [should be applied] to determine what constitutes a reasonable fee award under the EAJA."). To calculate the lodestar amount, "a district court must start by determining how many hours were reasonably expended on the litigation," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008), and then multiply "'the number of hours reasonably expended on the

---

[3] In light of these errors, the Court declined to address whether the ALJ also erred in discounting Dr. Kaye's opinion.

litigation by a reasonable hourly rate." *Costa*, 690 F.3d at 1135 (ellipses omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

## II.     REASONABLENESS OF REQUESTED FEES

Plaintiff seeks 71.80 hours at an hourly rate of $196.79; 11.25 hours at an hourly rate of $200.78; and 2.5 legal assistant hours at an hourly rate of $90.00.[4] The Commissioner does not object to Plaintiff's proposed hourly rates. The Commissioner does, however, object to the number of hours Plaintiff asserts were reasonably expended on this litigation. To determine how many hours were reasonable, courts assess whether counsel for the prevailing party exercised "billing judgment" and excluded hours that were "excessive, redundant, or otherwise unnecessary as a lawyer in private practice would do." *Costa*, 690 F.3d at 1135 (quotation marks omitted) (citing *Hensley*, 461 U.S. at 434). The Commissioner challenges as excessive the number of hours Plaintiff spent (1) on her opening brief; and (2) reviewing the case and transcript.

### A.     Opening Brief

The Commissioner argues that the 33.4 hours Plaintiff "spent drafting her opening brief was both excessive and unnecessary."[5] (*See* Def.'s Resp. at 3.) In support of this argument, the Commissioner asserts that: (1) Plaintiff's opening brief addressed whether the ALJ erred in

---

[4] Plaintiff seeks the statutory maximum hourly rates for the years at issue. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Oct. 18, 2018) (stating that "the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living," are $196.79 for 2017 and $200.78 for 2018); *see also Pope v. Comm'r Soc. Sec.*, No. 3:10-cv-06019-PK, 2011 WL 7462036, at *4 (D. Or. Dec. 29, 2011) (finding "the rate of $90.00 per hour for non-clerical legal assistant work to be reasonable").

[5] The Commissioner asserts that Plaintiff spent 35.65 hours drafting the opening brief, but Plaintiff's itemization indicates that the accurate total is 33.4 hours (9 hours plus 4.35 hours plus 6.5 hours plus 4.15 hours plus 8.65 hours plus 0.75 hours equals 33.4 hours). (*See* Decl. Counsel Re EAJA Hours ("First Graf Decl.") at 2, July 17, 2018.)

rejecting Plaintiff's testimony and medical opinion evidence, which are issues that are "routinely litigated in disability cases"; (2) Plaintiff's arguments concerning her primary impairment of fibromyalgia were "short and conclusory"; and (3) although Plaintiff's opening brief was 35 pages long, Plaintiff devoted "a mere nine pages" to arguing the merits of her case. (Def.'s Resp. at 3.)

The Commissioner claims that this case was routine because it concerned whether the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony and medical opinion evidence. The Ninth Circuit has "note[d] that the term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa*, 690 F.3d at 1134 n.1. Whether a social security case is routine is a case-specific inquiry. *See id.* at 1136 (noting that an assessment of "how much time an attorney can reasonably spend on a specific case . . . will always depend on case-specific factors including, among others, the complexity of the legal issues").

The Court disagrees that the legal issues in this case were routine. The outcome of this case turned largely on whether the ALJ sufficiently evaluated Plaintiff's testimony and medical opinion evidence in light of Plaintiff's fibromyalgia diagnosis. "For a long time, fibromyalgia was 'poorly understood [even] within much of the medical community.'" *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (citation omitted). In addition, ALJs continue to commit errors that arise "from an apparent fundamental misunderstanding of fibromyalgia." *See id.* (noting that the ALJ committed several errors that "arose from an apparent fundamental misunderstanding of fibromyalgia," which "appears to be a recurrent problem"). That is what happened here. *See Nunn v. Berryhill*, No. 17-cv-00203-SB, 2018 WL 2244705, at *10-16 (D. Or. May 16, 2018)

(noting that fibromyalgia can be confirmed as a severe impairment without objective testing and that normal exams, images, and test results are not necessarily inconsistent with debilitating fibromyalgia, and holding that the ALJ erred in discounting Plaintiff's testimony and Drs. Krulewitch and Rask's opinions based on, *inter alia*, unremarkable objective evidence). That is also what happened when Plaintiff first appealed her case to federal court. (*See* Pl.'s Opening Br. at 27, noting that a judge from this district previously held that the ALJ erred in discounting Plaintiff's testimony and failed to consider the unique characteristics of fibromyalgia). In light of this "recurrent problem," this case was not routine.

The Commissioner also notes that Plaintiff devoted only nine pages of her opening brief to her merits argument. In this Court's view, Plaintiff should not be faulted for devoting a significant portion of her opening brief to describing, among other things, the record evidence and procedural history, because this case was highly fact-intensive and required a careful review of the administrative record.[6] Plaintiff's arguments also depended on, and referred to, her discussion of the record and case history. (*See, e.g.*, Pl.'s Opening Br. at 30-31, arguing that the ALJ's "selective summary of the record . . . is at odds with the vast majority of the medical record," the ALJ "repeated the same [erroneous] reasoning as his predecessor," as Plaintiff "summarized above," and a "review of the entire medical record from 2003 to 2016" fails to support the ALJ's finding that "the record strongly suggests that the claimant's unemployment is due to her desire to be a full time homemaker"). Further, although the Commissioner claims that Plaintiff's fibromyalgia arguments were "short and conclusory," all of the assignments of error, including those detailed further in Plaintiff's reply brief, implicated the ALJ's apparent misunderstanding of fibromyalgia. *See Nunn*, 2018 WL 2244705, at *15-16 (holding that the

---

[6] Indeed, this Court's 37-page Opinion and Order devoted roughly 14 pages to the background section detailing the record evidence and procedural history.

ALJ erred in discounting Drs. Krulewitch and Rask's opinions based on the same objective evidence cited in support of the ALJ's erroneous credibility finding).

That said, the Court notes that Plaintiff spent approximately 6.25 hours drafting her 17-page opening brief for her first appeal.[7] By comparison, Plaintiff spent approximately 33.4 hours drafting her 35-page opening brief for this appeal. Given the fact that both appeals involved the same claimant, the same drafting attorney, and some of the same evidence and arguments, and given the disparity between the number of hours billed drafting a 17-page brief (6.25 hours) compared to a 35-page brief (33.4 hours), the Court concludes that it should exercise its discretion and reduce the number of hours Plaintiff requests by 10 percent (i.e., 33.4 hours multiplied by 0.10 equals a reduction of 3.34 hours).[8] *See Costa*, 690 F.3d at 1136 (noting that "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation" (citing *Moreno*, 534 F.3d at 1112)). Since the time billed for drafting Plaintiff's opening brief occurred in December 2017, the 3.34-hour reduction will result in a $657.28 reduction in the amount of attorney's fees Plaintiff requests (i.e., 3.34 hours multiplied by the 2017 hourly rate of $196.79 equals $657.28).

///

---

[7] The Court takes judicial notice of the filings from Plaintiff's first appeal. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (indicating that district courts "may take judicial notice of court filings and other matters of public record"); *see also* FED. R. EVID. 201(c) (indicating that the district court may take judicial notice on its own motion).

[8] In *Costa*, the Ninth Circuit "question[ed] the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court," and noted that "assessing how much time an attorney can reasonably spend on a specific case . . . will always depend on case-specific factors." 690 F.3d at 1136. However, reviewing the time spent in a prior SSA appeal is useful where, as here, the court can compare how much time the same attorney spent on similar matters involving the same claimant.

B.  Case and Transcript Review

The Commissioner also argues that the number of hours Plaintiff spent reviewing the case and transcript is unreasonable. The Commissioner argues that the 1,379-page amended transcript is a "length that is typical of Social Security disability cases," and notes that Plaintiff's counsel is familiar with the transcript because he represented Plaintiff during her first appeal in 2010 and during the August 2016 hearing before the ALJ. (Def.'s Resp. at 3.) In light of Plaintiff's counsel's familiarity with this case and record, the Commissioner argues that the 36.15 hours spent reviewing the case and transcript was unreasonable.[9]

From this Court's experience, a typical Social Security transcript is roughly 600 to 800 pages. (*Cf.* Decl. Counsel Re Pl.'s Reply Def.'s Resp. ("Second Graf Decl.") ¶¶ 3-4, Aug. 5, 2018, stating that Plaintiff's counsel has "22 years of experience as a federal court appeal social security attorney," and that Plaintiff's counsel's experience leads him to believe that "the average transcript in a federal court case is around 600 pages"). Further, Plaintiff's counsel represents that he had to spend an additional 12.5 hours reviewing and discussing the transcript because the originally-filed transcript was defective. (Pl.'s Reply at 2.) Plaintiff's counsel also needed "to go back and re-review the facts in this case" because he "had a full plate of other cases on his docket," and because the record continued to be supplemented over the course of the years-long appeals process, which included three ALJ decisions, one Appeals Council reversal, and a federal court remand. (Pl.'s Reply at 3-4.)

---

[9] The Commissioner asserts that Plaintiff spent 33.4 hours reviewing "the case and transcript" (Def.'s Resp. at 4), but Plaintiff's itemization suggests that she spent 36.15 hours (6.75 hours plus 6.25 hours plus 4.25 hours plus 0.5 hours plus 1 hour plus 0.5 hours plus 4.65 hours plus 7.4 hours plus 2.5 hours plus 2.35 hours equals 36.15 hours). (*See* First Graf Decl. at 2.)

The Court notes that the transcript in this case is three times longer than the transcript from the first appeal. Plaintiff spent 9.25 hours reviewing the case and transcript in the first appeal, and the Commissioner stipulated to the reasonableness of this amount of time. (Stipulated Appl. EAJA Fees Attach. 1.) In comparison, Plaintiff spent approximately 36.15 hours reviewing the case and transcript in this appeal, but the transcript was three times longer, a number of years had passed, a number of decisions were issued after the first appeal, and 12.5 hours were attributable to a defective transcript.

For these reasons, the Court concludes that the 36.15 hours counsel spent reviewing the case and transcript was reasonable. *See also Moreno*, 534 F.3d at 1112 (stating that "determining whether work is unnecessarily duplicative is no easy task," that "a lot of legal work," including legal research, "will grow stale" when "a case goes on for many years," that "a competent lawyer won't rely entirely on last year's, or even last month's, research," that "[o]ne certainly expects *some* degree of [necessary] duplication as an inherent part of the process" of litigating a twice-appealed case, and that "[t]here is no reason why the lawyer should perform this necessary work for free").

## III. LODESTAR CALCULATION

As discussed above, the Court imposes a ten percent "haircut" to the 33.4 hours Plaintiff requests for drafting her opening brief in 2017. 68.46 hours (i.e. 71.8 hours minus the reduction of 3.34 hours) multiplied by the 2017 hourly rate of $196.79 equals $13,472.24; 11.25 hours multiplied by the 2018 hourly rate of $200.78 equals $2,258.78; and 2.5 legal assistant hours billed at the uncontested hourly rate of $90.00 equals $225.00. This calculation results in an EAJA fee award in the amount of $15,956.02 ($13,472.24 plus $2,258.78 plus $225.00 equals $14,930.75).

The Commissioner argues that a ten percent "haircut" is insufficient, and that the Court should reduce Plaintiff's EAJA fees to "no more than thirty hours." (Def.'s Resp. at 4-5.) In other words, the Commissioner argues that the Court should reduce the number of hours by roughly 65 percent, but she fails adequately to explain why only 30 hours is reasonable. The Court may not reduce the number of hours in a fee petition with an eye toward a target range. *See Costa*, 690 F.3d at 1136-37 (explaining that a court needs to "provide relatively specific reasons" for making a "significant reduction[]" of 33 percent or more and noting that many district courts have recognized that 20 to 40 hours is the range often granted and requested in Social Security cases, but adding that a district court may not make "cuts to the requested hours with an eye toward getting the number of hours down to forty rather than based on the number of hours that was reasonable for the legal services provided" in that specific case). Accordingly, a reduction to 30 hours is not appropriate here.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's amended application for EAJA fees (ECF No. 36), and awards attorney's fees in the amount of $15,956.02. The Court denies as moot Plaintiff's original application for EAJA fees (ECF No. 34).

**IT IS SO ORDERED.**

DATED this 18th day of October, 2018.

*Stacie F. Beckerman*

———————————————
STACIE F. BECKERMAN
United States Magistrate Judge