IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANET N.,[1]

      Plaintiff,

      v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

      Defendant.

Case No. 6:17-cv-00203-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

On May 16, 2018, the Court reversed the decision of the Commissioner of Social

Security ("Commissioner") and remanded this case for an award of benefits. On October 18,

2018, the Court granted in part Plaintiff's amended application for attorney's fees pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded fees in the amount of

$15,956.02.[2]

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Plaintiff was also awarded $4,123.16 in EAJA fees after she prevailed on her first appeal to federal court.

Plaintiff's counsel now moves, pursuant to 42 U.S.C. § 406(b), for attorney's fees in the amount of $28,255.75. The requested amount represents 25 percent of Plaintiff's award of past-due Social Security benefits (Pl.'s Mem. Supp. Attach. 6, at 3), and it will be offset by the $20,079.18 (i.e., $4,123.16 plus $15,956.02) already received under the EAJA. *See Parrish v. Comm'r Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2015) ("Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award.").

The Commissioner defers to the Court's assessment of Plaintiff's motion.[3] (Def.'s Resp. at 2.) The Court must perform an independent review to ensure that the award is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining that "§ 406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases"). For the reasons that follow, the Court grants Plaintiff's counsel's motion for § 406(b) fees and awards fees in the amount of $28,255.75.

## DISCUSSION

Under § 406(b), a court entering judgment in favor of a Social Security disability insurance ("SSDI") "claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). A court reviewing a request for § 406(b) fees "must respect the primacy of lawful attorney-client fee agreements, looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* (citations and quotation

---

[3] The Commissioner maintains her "position that this Court should reduce counsel's requested hours in [his] EAJA petition to thirty hours." (Def.'s Resp. at 2.) Instead, in an Opinion and Order dated October 18, 2018, the Court reduced Plaintiff's counsel's EAJA fee request by 3.34 hours, or $657.28. (*See* ECF No. 42 at 7, 10.)

marks omitted). In determining the reasonableness of the requested attorney's fees, a court may consider a number of factors, including, but not limited to, "the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys)." *Heward v. Berryhill*, No. 6:11-cv-6333-SI, 2018 WL 523206, at *1 (D. Or. Jan. 22, 2018) (citations omitted).

Consistent with the authorities above, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and her counsel. (*See* Pl.'s Mem. Supp. Attach. 4.) Plaintiff agreed to pay attorney's fees not to exceed 25 percent of any past-due benefits awarded, which is the amount Plaintiff's counsel seeks in his motion. *See Heward*, 2018 WL 523206, at *2 (noting that 25 percent is "within the statutory maximum"). The Court concludes that the requested fee award is consistent with the terms of the contingency fee agreement.

The Court also concludes that the requested fee award is reasonable. Plaintiff's counsel achieved positive results for his client by prevailing on two appeals to federal district court, the latter of which resulted in an award of past-due benefits. In addition, counsel's representation was professional, and there was no significant delay attributable to counsel. Finally, the requested $28,255.75 fee does not result in a windfall to Plaintiff's counsel, who spent approximately 80 hours on this appeal alone (resulting in a $353/hour *de facto* billing rate). *See Heward*, 2018 WL 523206, at *2 (noting that judges in this district have approved *de facto* hourly rates in excess of $1,000).

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's counsel's motion for § 406(b) fees (ECF No. 40) and awards fees in the amount of $28,255.75, which represents 25 percent of Plaintiff's past-due benefits. When issuing the § 406(b) check for payment to Plaintiff's attorney,

the Commissioner is directed to subtract the $20,079.18 previously awarded under EAJA and send Plaintiff's counsel the balance of $8,176.57, less any applicable administrative assessment allowed by statute.

**IT IS SO ORDERED.**

DATED this 26th day of October, 2018.

_Stacie F. Beckerman_

STACIE F. BECKERMAN
United States Magistrate Judge